**Benjamin Clay JOHNSON, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2011–SC–000211–KB.**

Supreme Court of Kentucky.

May 19, 2011.

### *OPINION AND ORDER*

Applicant, Benjamin Clay Johnson, KBA No. 82295, was admitted to the practice of law in the Commonwealth of Kentucky on October 20, 1987. His bar roster address is P.O. Box 550, Pikeville, KY 41502. Johnson was suspended from the practice of law for non-payment of KBA dues for the July 1, 2008—June 30, 2009 fiscal year by Supreme Court Order, dated December 29, 2009. Johnson had no disciplinary matters pending against him at the time of or during suspension, and there are no claims against him in the Client Security Fund.

Johnson's completed Application for Restoration, pursuant to SCR 3.500(1), was filed on June 28, 2010, less than five (5) years after his suspension from the Kentucky Bar Association. A check for $590.00 accompanied the application reflecting payment of back dues. Johnson completed sufficient CLE credits to meet his requirements for the educational year ending June 30, 2013. Affidavits by three bar members in good standing, all of whom have known Johnson for a number of years, support his restoration.[1] The Office of Bar Counsel noted no impediments to Johnson's restoration.

On March 18, 2011, the Board of Governors considered the application of Johnson to be restored to the practice of law. By a vote of 14–0, the Board recommended its approval.

We adopt the recommendation of the Board of Governors and ORDER that Benjamin Clay Johnson be, and is hereby restored to the practice of law in this Commonwealth on the following conditions:

1. Johnson shall pay the cost of this proceeding, certified by the Disciplinary Clerk to be $207.24 (SCR 3.500(5));

2. Johnson shall pay dues owing, if any, to the KBA during the time the application has been pending (SCR 3.040); and

3. If for any reason the restoration process is not completed prior to June 30, 2013, Johnson must complete the requirement for the 2013–2014 CLE year and be recertified prior to being restored to membership (SCR 3.675).

All sitting. All concur.

ENTERED: May 19, 2011.

/s/ John D. Minton, Jr.

---

1. The Executive Director waived the requirement that Johnson name three former clients, as he worked for various state agencies from 1997 to 2001 and had no individual clients.

Chief Justice